IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII SUPERIOR COURT, ET AL., | ) ) ) | CV 17-00052 LEK-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| SVETLANA BAKSHEEVA-PASHA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER ALLOWING DEFENDANT TO FILE AMENDED NOTICE OF REMOVAL;
AND RESERVING RULING ON APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On February 6, 2017, pro se Defendant Svetlana Baksheeva-Pasha ("Defendant") filed her Legal Notice of Removal ("Notice") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  [Dkt. nos. 1, 2.]  The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Notice and the relevant legal authority, this Court HEREBY CONCLUDES that the Notice is insufficient, but this Court will allow Defendant to file an amended notice of removal.  This Court will reserve ruling on the Application until Defendant files her amended notice of removal.

**DISCUSSION**

Defendant appears to be trying to remove a criminal prosecution against her in the State of Hawai`i First Circuit Court. See Notice at 1. 28 U.S.C. § 1455 governs the procedure to remove a criminal prosecution from state court federal court. Section 1445(a) states:

> A defendant . . . desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of and containing a short and plain statement of the grounds for removal, together with **a copy of all process, pleadings, and orders served upon such defendant . . . in such action**.

(Emphasis added.) Defendant did not attach copies of all of the "process, pleadings, and orders" that she was served with in the state court prosecution that she is attempting to remove.

This Court also notes that § 1445(b) states, in relevant part:

> (2) **A notice of removal of a criminal prosecution shall include all grounds for such removal.** A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> . . . .
>
> (4) The United States district court in which

> such notice is filed shall examine the notice promptly. **If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.**

28 U.S.C. § 1455(b)(2), (4) (emphases added). Without the "process, pleadings, and orders" that Defendant was served with in the underlying prosecution, this Court cannot determine whether removal of the case was proper. In addition, this Court notes that:

> There are only narrow and limited grounds upon which a state prosecution can be removed to federal court. Under 28 U.S.C. §§ 1442(a) and 1442a, any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces that is subject to criminal prosecution may remove such an action that arises from acts done under color of such office or status. See 28 U.S.C. §§ 1442(a), 1442a. . . .

Hallal v. Mardel, Case No. 1:16-cv-01432-DAD-SAB, 2016 WL 6494411, at *2 (E.D. Cal. Nov. 2, 2016). Based on this Court's review of Defendant's description of the criminal prosecution in her Notice, it does not appear that her case falls within the narrow and limited type of criminal cases that can be removed to federal court.

This Court therefore CONCLUDES that Defendant's Notice does not establish a basis for federal jurisdiction over her state court criminal prosecution. However, in light of the fact that Defendant is proceeding pro se, this Court will allow

Defendant to file an amended notice of removal. Defendant must: 1) attach all "process, pleadings, and orders" that she was served with in the state court prosecution to the amended notice of removal; and 2) describe the legal authority supporting the removal of her state court prosecution to federal court. If Defendant chooses to file an amended notice of removal, she must do so by **March 10, 2017**.

This Court CAUTIONS Defendant that, if she fails to file an amended notice of removal by **March 10, 2017**, or if her amended notice of removal does not establish a basis for federal jurisdiction over her state court criminal prosecution, this Court will summarily remand the case to the state court.

Finally, this Court also notes that the Notice indicates that Defendant is seeking various forms of relief, including compensatory and punitive damages. [Notice at 15.] It is possible that Defendant's Notice was not an attempt to remove the state court criminal prosecution against her, but an attempt to bring a civil action against the entities involved in her prosecution. If that was the case, Defendant must file a complaint in a civil action against those entities. This Court emphasizes that it makes no findings or conclusions about the merits of any claims Defendant may be attempting to assert against the entities involved in her criminal prosecution.

**CONCLUSION**

On the basis of the foregoing, this Court CONCLUDES that Defendant's Legal Notice of Removal, filed February 6, 2017, is insufficient to establish federal jurisdiction over the criminal prosecution against her state court.  However, this Court GRANTS Defendant leave to file an amended notice of removal by **March 10, 2017**.  The amended notice of removal must comply with the terms of this Order.

In light of the fact that this Court has granted Defendant leave to file an amended notice of removal, this Court RESERVES RULING on the Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 6, 2017, pending Defendant's filing of an amended notice of removal and this Court's screening of the amended notice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 17, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAII SUPERIOR COURT, ET AL. VS. SVETLANA BAKSHEEVA-PASHA; CV 17-00052 LEK-RLP; ORDER ALLOWING DEFENDANT TO FILE AMENDED NOTICE OF REMOVAL; AND RESERVING RULING ON APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**